Michael F. BOWYTZ, Plaintiff,

v.

Chad SKOLNICK, Defendant.

Civ. A. No. 85–488 MMS.

United States District Court,
D. Delaware.

Jan. 9, 1987.

---

Richard A. Zappa, of Young, Conaway, Stargatt & Taylor, Wilmington, Del., for plaintiff.

Angelo Falasca, Wilmington, Del., for defendant.

OPINION

MURRAY M. SCHWARTZ, Chief Judge.

A final pretrial order in this personal injury case issued December 1, 1986, setting trial for January 26, 1987. On January 8, defendant advised the Court by letter that he would seek bifurcation of the trial and the empaneling of two juries to consider separately the issues of liability and of waiver and/or estoppel of the statute of limitations. Because I find that modification of the final pretrial order is necessary to prevent manifest injustice, I will order the requested bifurcation.

Plaintiff alleges, in addition to negligence, that defendant through his liability insurance carrier's conduct either waived the applicable statute of limitations or is estopped from asserting it as a defense. The December 1 pretrial order contemplated the trial of these factual issues in a single proceeding. Counsel for neither side mentioned bifurcation at the pretrial conference. Defendant's January 8 letter, however, raised for the first time the salient point that a jury hearing evidence of waiver and estoppel would become aware that defendant is insured, thus prejudicing against defendant the finding of liability. See Fed.R.Evid. 411, advisory committee notes. Moreover, the testimony concerning waiver and estoppel would revolve around settlement negotiations in which the parties discussed dollar amounts and a possible structured settlement. See Fed.R.Evid. 408, advisory committee notes. Conversely, it appears that a jury first hearing evidence of plaintiff's extremely serious injuries would then be prejudiced in favor of finding the statute of limitations inapplicable.

A final pretrial order should be modified "only to prevent manifest injustice." Fed.R.Civ.P. 16(e); see D.Del. Local Rule 5.4 (14). The Court of Appeals for the Third Circuit has advised that

[o]ne of the main purposes of the pretrial conference is to formulate the issues to be litigated to aid the parties in preparation for trial. If counsel are permitted to change the positions taken at pretrial

obviously the effectiveness of this procedure is destroyed. For this reason the pretrial order is generally binding on the parties. It cannot be modified without the permission of the court and a showing of manifest injustice. The decision of whether or not to permit a change is within the discretion of the trial judge. Appellate interference with this discretion should be kept at a minimum. It should only be exercised where there is a clear abuse of discretion.

*Ely v. Reading Co.*, 424 F.2d 758, 763–64 (3d Cir.1970). More recently, the Court has elaborated the standards for departure from or adherence to a pretrial order:

Our decisions identify four principal criteria for making and evaluating that discretionary judgment: (1) the prejudice or surprise in fact to the nonmoving party, (2) the ability of that party to cure the prejudice, (3) the extent to which the waiver of the rule would disrupt the orderly and efficient trial of the case, and (4) bad faith or willfulness on the part of the movant.

*Joy Mfg. Co. v. Sola Basic Indus.*, 697 F.2d 104, 109 (3d Cir.1982); *see Berroyer v. Hertz*, 672 F.2d 334, 338 (3d Cir.1982); *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977).

Here, although plaintiff is undoubtedly surprised by the late request for bifurcation, without significant postponement of the scheduled trial date, the avoidance of jury confusion and bias cannot be said to prejudice plaintiff. Plaintiff is easily capable of curing the effects of surprise in the two weeks remaining before the commencement of trial. Although defendant's untimely request has the potential of adversely affecting the Court's control of its docket, the effects will be minimal in this case. Trial will begin on the date originally scheduled with jury consideration of the waiver and estoppel issues. If the jury finds in plaintiff's favor, a new jury will be empaneled no later than the following day to consider liability and damages. It appears that this can be accomplished without

undue disruption of the Court's schedule. Finally, there is no indication that defendant was motivated by bad faith in failing to request bifurcation until this time.

Balancing the need for doing justice on the merits between the parties against the foregoing factors, I find that modification of the pretrial order is necessary to prevent manifest injustice. Defendant's request for bifurcation will therefore be granted.